1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT
8                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10
11

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>ANTHONY MCGEE,<br><br>                    Defendant. | Case No. CR 12-0052 EMC<br><br>**ORDER DENYING MOTION FOR PRETRIAL RELEASE** |

Defendant Anthony McGee is charged by indictment with a violation of 18 U.S.C. section 922(g), felon in possession of a gun. He made his initial appearance on a complaint on January 23, 2012. The United States moved for detention pursuant to 18 U.S.C. § 3142(f)(2)(A) & (B) and following a hearing the Court ordered Mr. McGee detained. (Dkt. No. 8.) In particular, the Court found by a preponderance of the evidence that a serious risk exists that Defendant will flee, and by clear and convincing evidence that Defendant poses a danger to the community and that, under 18 U.S.C. § 3142(e), no condition or combination of conditions will reasonably assure his appearance or safety to others as required. The Court's reasons for its Order were as follows:

          1. Due to Defendant's status as a registered sex offender he may not reside
          in a half-way house;

United States District Court
Northern District of California

2. Defendant does not have—and has never had—stable employment, and he does not have a stable residence;

3. Defendant has a long criminal history, including an eight-year sentence imposed in May 2004. The police report for the incident leading to that conviction states that following a robbery Defendant was found with a rifle and that he was suspected of several other robberies;

4. A parole search of Defendant's residence in February 2011 found drugs and a weapon holster;

5. At the time of Defendant's arrest for the pending federal charge he was on state parole and was monitored via ankle bracelet; and

6. At the time of Defendant's arrest for the pending federal charge he reportedly fought with and fled from the arresting officers.

(Dkt. No. 8 at 2.)

Now pending before the Court is Defendant's motion to reopen the detention hearing based on changed circumstances. In particular, Defendant contends that he is now a candidate for pretrial release because he is no longer subject to any state parole holds and because his significant other, Trenika Rodgers, is willing to sign an unsecured bond. After carefully considering Defendant's proffer, and holding a hearing on August 23, 2012 at which Defendant, his counsel and Ms. Rodgers were present, the Court declines to modify its detention order.

As the above recitation of the Court's earlier order demonstrates, Defendant's state parole hold was not a reason for the Court's detention order; thus, that the hold has now been removed is not a change in circumstances warranting release. Further, at the time of the first detention hearing Defendant had a different person willing to sign an unsecured bond, namely one of his sisters. That Defendant has now presented an additional person willing to sign an unsecured bond is not a sufficient change in circumstances to warrant release under any conditions. Having Ms. Rodgers sign an unsecured bond will not secure Defendant's appearance and will not alleviate the danger to the community posed by his release. The Court also finds that even assuming Defendant could be placed in a half-way house, such a placement is

2

insufficient to secure his appearance and the safety of the community in light of the facts stated above.

//

Based on the foregoing, Defendant's motion for pretrial release is DENIED.

**IT IS SO ORDERED.**

Dated: August 23, 2012

_Jacqueline S. Corley_
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

United States District Court
Northern District of California

3