1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

ANTHONY McGEE,

        Defendant.

_____/

Case No. CR-12-0052 EMC

**ORDER RE COURT'S PROPOSED JURY INSTRUCTIONS**

     On January 15, 2013, the parties submitted proposed jury instructions to the Court. The Court has considered the views of the parties, and after reviewing the relevant law and model jury instructions, proposes the following jury instructions. The parties shall file any objections to the Court's proposed jury instructions by **5:00 p.m. on February 13, 2013**.

     IT IS SO ORDERED.

Dated: February 6, 2013

_____
EDWARD M. CHEN
United States District Judge

1

**[PRELIMINARY INSTRUCTIONS]**

**JURY INSTRUCTION NO. 1.1**

**DUTY OF JURY**

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial I will give you more detailed written instructions that will control your deliberations.  When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be – that is entirely up to you.

Authority: 9th Cir. Model Criminal Jury Instruction No. 1.1.

Court Notes:  The above instruction is one identified by the Court in its pretrial order as an instruction that it will give absent an objection.  No objections have been made.

**JURY INSTRUCTION NO. 1.2**

**THE CHARGE – PRESUMPTION OF INNOCENCE**

This is a criminal case brought by the United States government.  The government charges the defendant with the following crimes:

(1)	Violation of 18 U.S.C. § 922(g)(1), which makes it unlawful for a person, who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, to possess a firearm or ammunition that previously traveled in interstate commerce;

(2)	Violation of 21 U.S.C. § 841(a)(1), which makes it unlawful for a person to knowingly possess methamphetamine with the intent to distribute it; and

(3)	Violation of 18 U.S.C. § 924(c), which makes it unlawful for a person to carry a fiream during and in relation to a drug trafficking crime or to possess a firearm in furtherance of a drug trafficking crime.

The charges against the defendant are contained in the Superseding Indictment.  The Superseding Indictment simply describes the charges the government brings against the defendant. The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

Authority: 9th Cir. Model Criminal Jury Instruction No. 1.2 (modified).

Court Notes: The above instruction is one identified by the Court in its pretrial order as an instruction that it will give absent an objection.

**JURY INSTRUCTION NO. 3.5**

**REASONABLE DOUBT – DEFINED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Authority: 9th Cir. Model Criminal Jury Instruction No. 3.5.

Court Notes:  The above instruction is one identified by the Court in its pretrial order as an instruction that it will give absent an objection.  No objections have been made.

**JURY INSTRUCTION NO. 1.3**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1)   the sworn testimony of any witness;

(2)   the exhibits which are received in evidence; and

(3)   any facts to which the parties agree.


Authority: 9th Cir. Model Criminal Jury Instruction No. 1.3.


Court Notes:  The above instruction is one identified by the Court in its pretrial order as an instruction that it will give absent an objection.  No objections have been made.

**JURY INSTRUCTION NO. 4**

**WHAT IS NOT EVIDENCE**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1)     statements and arguments of the attorneys;

(2)     questions and objections of the attorneys;

(3)     testimony that I instruct you to disregard; and

(4)     anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.


Authority: 9th Cir. Model Criminal Jury Instruction No. 1.4.


Court Notes:  The above instruction is one identified by the Court in its pretrial order as an instruction that it will give absent an objection.  No objections have been made.

**JURY INSTRUCTION NO. 1.5**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

Authority: 9th Cir. Model Criminal Jury Instruction No. 1.5.

Court Notes:  The above instruction is one identified by the Court in its pretrial order as an instruction that it will give absent an objection.  No objections have been made.

**JURY INSTRUCTION NO. 1.6**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Authority: 9th Cir. Model Criminal Jury Instruction No. 1.6.

Court Notes:  The above instruction is one identified by the Court in its pretrial order as an instruction that it will give absent an objection.  No objections have been made.

**JURY INSTRUCTION NO. 1.7**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Authority: 9th Cir. Model Criminal Jury Instruction No. 1.7.

Court Notes:  The above instruction is one identified by the Court in its pretrial order as an instruction that it will give absent an objection.  No objections have been made.

**JURY INSTRUCTION NO. 1.8**

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials;

10

1          and do not make any investigation or in any other way try to learn

2          about the case on your own.

3          The law requires these restrictions to ensure the parties have a fair trial based on the same

4   evidence that each party has had an opportunity to address.  A juror who violates these restrictions

5   jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire

6   trial process to start over. If any juror is exposed to any outside information, please notify the court

7   immediately.

8

9   Authority: 9th Cir. Model Criminal Jury Instruction No. 1.8.

10

11  Court Notes:  The above instruction is one identified by the Court in its pretrial order as an

12  instruction that it will give absent an objection.  No objections have been made.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 1.9**

**NO TRANSCRIPT AVAILABLE TO JURY**

At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.


Authority: 9th Cir. Model Criminal Jury Instruction No. 1.9.


Court Notes:  The above instruction is one identified by the Court in its pretrial order as an instruction that it will give absent an objection.  No objections have been made.

**JURY INSTRUCTION NO. 1.10**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Authority: 9th Cir. Model Criminal Jury Instruction No. 1.10.

Court Notes:  The above instruction is one identified by the Court in its pretrial order as an instruction that it will give absent an objection.  No objections have been made.

**JURY INSTRUCTION NO. 1.11**

**OUTLINE OF TRIAL**

The next phase of the trial will now begin.  First, each side may make an opening statement. An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

Authority: 9th Cir. Model Criminal Jury Instruction No. 1.11.

Court Notes:  The above instruction is one identified by the Court in its pretrial order as an instruction that it will give absent an objection.  No objections have been made.

**[INSTRUCTIONS IN THE COURSE OF TRIAL]**

**JURY INSTRUCTION NO. 2.1**

**CAUTIONARY INSTRUCTION – FIRST RECESS**

We are about to take our first break.  Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you.  This includes discussing the case in Internet chat rooms or through Internet blogs, Internet bulletin boards, emails or text messaging.  If anyone tries to communicate with you about the case, please let me know about it immediately.  Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information.  Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.  Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

Authority: 9th Cir. Model Criminal Jury Instruction No. 2.1.

Court Notes:  The above instruction is one identified by the Court in its pretrial order as an instruction that it will give absent an objection.  No objections have been made.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 2.2**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench or, when necessary, by calling a recess.

We will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.

Authority: 9th Cir. Model Criminal Jury Instruction No. 2.2.

Court Notes:  The above instruction is one identified by the Court in its pretrial order as an instruction that it will give absent an objection.  No objections have been made.

**JURY INSTRUCTION NO. 2.4**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that have been stated to you.  You should therefore treat these facts as having been proved.

Authority: 9th Cir. Model Criminal Jury Instruction No. 2.4.

Court Notes: The government has asked for this instruction; Mr. McGee has not objected.  The parties should provide a list of what facts are being stipulated to.

**JURY INSTRUCTION NO. 3.1**

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

Authority: 9th Cir. Model Criminal Jury Instruction No. 3.1.

Court Notes:  The above instruction is one identified by the Court in its pretrial order as an instruction that it will give absent an objection.  No objections have been made.

**JURY INSTRUCTION NO. 3.2**

**CHARGE AGAINST DEFENDANT NOT EVIDENCE –**

**PRESUMPTION OF INNOCENCE –**

**BURDEN OF PROOF**

The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

Authority: 9th Cir. Model Criminal Jury Instruction No. 3.2.

Court Notes: The above instruction is one identified by the Court in its pretrial order as an instruction that it will give absent an objection.  No objections have been made.

**JURY INSTRUCTION NO. 3.3**

**DEFENDANT'S DECISION NOT TO TESTIFY**

A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that the defendant did not testify.

Authority: 9th Cir. Model Criminal Jury Instruction No. 3.3.

Court Notes: The government has asked for this instruction; Mr. McGee has not objected.

Note that, if Mr. McGee does testify, the government has asked for an alternative instruction (9th Cir. Model Criminal Jury Instruction No. 3.4) should be given.  No. 3.4 – titled "Defendant's Decision to Testify" provides as follows: "The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness."

**JURY INSTRUCTION NO. 3.10**

**ACTIVITIES NOT CHARGED**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

Authority: 9th Cir. Model Criminal Jury Instruction No. 3.10.

Court Notes: The government has asked for this instruction; Mr. McGee has not objected.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 3.11**

**SEPARATE CONSIDERATION OF MULTIPLE COUNTS –**

**SINGLE DEFENDANT**

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

Authority: 9th Cir. Model Criminal Jury Instruction No. 3.11.

Court Notes: The government has asked for this instruction; Mr. McGee has not objected.

**JURY INSTRUCTION NO. 3.5**

**REASONABLE DOUBT – DEFINED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Authority: 9th Cir. Model Criminal Jury Instruction No. 3.5.

Court Notes:  The above instruction is one identified by the Court in its pretrial order as an instruction that it will give absent an objection.  No objections have been made.

**JURY INSTRUCTION NO. 3.6**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1)      the sworn testimony of any witness;

(2)      the exhibits received in evidence; and

(3)      any facts to which the parties have agreed.


Authority: 9th Cir. Model Criminal Jury Instruction No. 3.6.


Court Notes:  The above instruction is one identified by the Court in its pretrial order as an instruction that it will give absent an objection.  No objections have been made.

# JURY INSTRUCTION NO. 3.7

## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.


Authority: 9th Cir. Model Criminal Jury Instruction No. 3.7.


Court Notes:  The above instruction is one identified by the Court in its pretrial order as an instruction that it will give absent an objection.  No objections have been made.

**JURY INSTRUCTION NO. 3.8**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

Authority: 9th Cir. Model Criminal Jury Instruction No. 3.8.

Court Notes:  The above instruction is one identified by the Court in its pretrial order as an instruction that it will give absent an objection.  No objections have been made.

**JURY INSTRUCTION NO. 3.9**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Authority: 9th Cir. Model Criminal Jury Instruction No. 3.9.

Court Notes:  The above instruction is one identified by the Court in its pretrial order as an instruction that it will give absent an objection.  No objections have been made.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 4.1**

**STATEMENTS BY DEFENDANT**

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Authority: 9th Cir. Model Criminal Jury Instruction No. 4.1.

Court Notes: The government has asked for this instruction; Mr. McGee has not objected.

**JURY INSTRUCTION NO. 4.14**

**OPINION EVIDENCE, EXPERT WITNESS**

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Authority: 9th Cir. Model Criminal Jury Instruction No. 4.14.

Court Notes: The government has asked for this instruction; Mr. McGee has not objected.

**JURY INSTRUCTION NO. 4.6**

**IMPEACHMENT, PRIOR CONVICTION OF DEFENDANT**

You have heard evidence that the defendant has previously been convicted of a crime.  You may consider that evidence only as it may affect the defendant's believability as a witness.  You may not consider a prior conviction as evidence of guilt of the crime for which the defendant is now on trial.

Authority: 9th Cir. Model Criminal Jury Instruction No. 2.4.

Court Notes: The government has asked for this instruction; Mr. McGee has not objected.

At the hearing, the government clarified that it will ask for this instruction only if Mr. McGee testifies on his own behalf.  In the event that he does, the parties should consider whether this instruction should be modified because a prior conviction is also part of the § 922(g)(1) offense with which Mr. McGee has been charged.  For example, the instruction could be modified as follows: "You have heard evidence that the defendant has previously been convicted of a crime.  You may not consider a prior conviction as evidence of guilt of the crime for which the defendant is now on trial.  You may consider that evidence only as it may affect the defendant's believability as a witness.  This instruction, however, does not bar you from taking into consideration, for purposes of Count One of the Superseding Indictment, the defendant's stipulation that, in 2004, he was convicted of a crime punishable by imprisonment for a term exceeding one year.  *See* Jury Instruction No. [8.65]."

**JURY INSTRUCTION NO. 2.4**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that have been stated to you.  You should therefore treat these facts as having been proved.

Authority: 9th Cir. Model Criminal Jury Instruction No. 2.4.

Court Notes: The government has asked for this instruction; Mr. McGee has not objected.  The parties should provide a list of what facts are being stipulated to.

1

**JURY INSTRUCTION NO. 3.17**

2

**POSSESSION – DEFINED**

3        A person has possession of something if the person knows of its presence and has physical

4   control of it, or knows of its presence and has the power and intention to control it.

5

6   Authority: 9th Cir. Model Criminal Jury Instruction No. 3.17.

7

8   Court Notes: The government has asked for this instruction; Mr. McGee has not objected.

9        Note that "possession" is an element in all three offenses at issue.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 5.6**

**KNOWINGLY – DEFINED**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Authority: 9th Cir. Model Criminal Jury Instruction No. 5.6.

Court Notes: The government has asked for this instruction; Mr. McGee has not objected.

The Court notes that the "knowing" state of mind is an element in all three offenses at issue.

**JURY INSTRUCTION NO. 8.65**

**FIREARMS – UNLAWFUL POSSESSION – CONVICTED FELON**

**(18 U.S.C. § 922(g)(1))**

The defendant is charged in Count One in the Superseding Indictment with the possession of a firearm and ammunition in violation of Section 922(g)(1) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed the KCI 9mm handgun or several rounds of Remington ammunition;

Second, the KCI 9mm handgun or the seven rounds of Remington ammunition had been transported from one state to another; and

Third, at the time the defendant possessed the KCI 9mm handgun or the seven rounds of Remington ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. The defendant stipulates that in 2004, the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.

Authority: 9th Cir. Model Criminal Jury Instruction No. 8.65 (with a very minor modification by SBW – *i.e.*, to identify the count in the Superseding Indictment).

Court Notes: The government has asked for this instruction; Mr. McGee has not objected.

Although Mr. McGee has not formally objected to the instruction, presumably, he objects to the use of the word "felon" in the title of the instruction. That is covered in his first motion in limine. The Court has denied that motion.

34

# JURY INSTRUCTION NO. 9.15

## CONTROLLED SUBSTANCE WITH INTENT TO DISTRIBUTE

### (21 U.S.C. § 841(a)(1))

The defendant is charged in Count Two of the Superseding Indictment with possession of methamphetamine with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed methamphetamine; and

Second, the defendant possessed it with the intent to distribute it to another person.

The government is not required to prove the amount or quantity of methamphetamine.  It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of methamphetamine.

It does not matter whether the defendant knew that the substance was methamphetamine.  It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of methamphetamine to another person, with or without any financial interest in the transaction.

Authority: 9th Cir. Model Criminal Jury Instruction No. 9.15.

Court Notes: The government has asked for this instruction; Mr. McGee has not objected.

**JURY INSTRUCTION NO. 5.1**

**AIDING AND ABETTING**

**(21 U.S.C. § 841(a)(1))**

A defendant may be found guilty of possession of methamphetamine with intent to distribute (in violation of 21 U.S.C. § 841(a)(1)), even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, the crime of possession of methamphetamine with intent to distribute was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of the crime of possession of methamphetamine with intent to distribute; and

Third, the defendant acted before the crime was completed.  It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit possession of methamphetamine with intent to distribute.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

Authority: 9th Cir. Model Criminal Jury Instruction No. 5.1 (modified).

Court Notes: The government has asked for this instruction; Mr. McGee has objected.

Because the Court is allowing Mr. McGee to make an argument of third-party culpability, it is fair for the government to make the alternative argument that Mr. McGee and that third party were working together.  Counsel for Mr. McGee conceded this theory is implicit in the indictment under Ninth Circuit law.  Thus, the Court shall give the above instruction on aiding and abetting liability.

1      Because the Court shall give the instruction, the next issue is whether the Court should also

2   give an instruction on a missing witness.  In his papers, Mr. McGee asked for the following missing

3   witness instruction to be given if the above instruction were to be given:

4           If it is peculiarly within the power of either the government or the
            defense to produce a witness who could give relevant testimony on an
5           issue in the case, failure to call that witness may give rise to an
            inference that this testimony would have been unfavorable to that
6           party.  You should draw no such conclusion, however, with regard to a
            witness who is equally available to both parties or where the testimony
7           of that witness would be merely cumulative.  You must always bear in
            mind that the law never imposes on a defendant in a criminal case the
8           burden or duty of calling any witnesses or producing any evidence.

9

10   At the hearing, the government noted that this instruction might actually work in the government's

11   favor and not Mr. McGee's.  The Court shall give Mr. McGee an opportunity to reconsider whether

12   he would still like the missing witness instruction to be given.  Absent a request by Mr. McGee, this

13   instruction will not be given.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

37

**JURY INSTRUCTION NO. 6.10**

**MERE PRESENCE**

**(21 U.S.C. § 841(a)(1))**

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime of possession of methamphetamine with intent to distribute.  The defendant must be a participant and not merely a knowing spectator.  The defendant's presence may be considered by the jury along with other evidence in the case.

Authority: 9th Cir. Model Criminal Jury Instruction No. 6.10 (modified).

Court Notes: Mr. McGee has asked for this instruction; the government has objected.

Presumably, Mr. McGee has asked for this instruction based on his theory that the additional methamphetamine in the hotel room did not belong to him.  Given that, this is a fair instruction to give.

**JURY INSTRUCTION NO. 9.16**

**DETERMINING AMOUNT OF CONTROLLED SUBSTANCE**

If you find the defendant guilty of the charge in Count Two of the Superseding Indictment, you are then to determine whether the government proved beyond a reasonable doubt that the amount of methamphetamine equaled or exceeded five grams.  Your determination of weight must not include the weight of any packaging material.  Your decision as to weight must be unanimous.

The government does not have to prove that the defendant knew the quantity of methamphetamine.

Authority: 9th Cir. Model Criminal Jury Instruction No. 9.16.

Court Notes: The government has asked for this instruction; Mr. McGee has not objected.

1

**JURY INSTRUCTION NO. 8.71-.72**

2

**FIREARMS –**

3

**CARRYING IN COMMISSION OF OR POSSESSION IN FURTHERANCE OF**

4

**DRUG TRAFFICKING CRIME**

5

**(18 U.S.C. § 924(c))**

6          The defendant is charged in Count Three of the Superseding Indictment with possessing a

7    firearm in furtherance of a drug trafficking crime in violation of Section 924(c) of Title 18 of the

8    United States Code.  In order for the defendant to be found guilty of that charge, the government

9    must prove each of the following elements beyond a reasonable doubt:

10          First, the defendant committed the crime of possession with intent to distribute

11    methamphetamine as charged in Count Two of the Superseding Indictment, which I instruct you is a

12    drug trafficking crime;

13          Second, the defendant knowingly carried the KSI 9mm handgun during and in relation to that

14    crime or the defendant knowingly possessed the KSI 9mm handgun in furtherance of that crime.

15          A person "carries" a firearm if he knowingly possessed it and held, moved, conveyed or

16    transported it in some manner on his person.

17          A person carries a firearm "during and in relation to" the crime if the firearm facilitated or

18    played a role in the crime.

19

20    Authority: 9th Cir. Model Criminal Jury Instructions Nos. 8.71 and 8.72 (as modified by the

21    government).

22

23    Court Notes: The government has asked for this instruction; Mr. McGee has not objected.

24          Although Mr. McGee has not objected, the Court has modified the title of the instruction.

25    Section 924(c) makes it unlawful for a person (1) to carry a firearm during and in relation to a drug

26    trafficking crime or (2) to possess a firearm in furtherance of a drug trafficking crime.  In the

27    Superseding Indictment, the government covers both grounds.  The Ninth Circuit model instructions

28    have separate instructions for carrying and possession.  The government has melded them together

40

into one instruction.  While the Court does not take issue with the government's melding, the title of the instruction needs to be modified to reflect this melding.

The Court has also modified the instruction to take out the following sentence: "A person 'possesses' a firearm if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it."  This sentence is duplicative of the general "possession" instruction above.

1    **JURY INSTRUCTION NO. 7.1**

2    **DUTY TO DELIBERATE**

3         When you begin your deliberations, elect one member of the jury as your foreperson who

4    will preside over the deliberations and speak for you here in court.

5         You will then discuss the case with your fellow jurors to reach agreement if you can do so.

6    Your verdict, whether guilty or not guilty, must be unanimous.

7         Each of you must decide the case for yourself, but you should do so only after you have

8    considered all the evidence, discussed it fully with the other jurors, and listened to the views of your

9    fellow jurors.

10        Do not be afraid to change your opinion if the discussion persuades you that you should.  But

11   do not come to a decision simply because other jurors think it is right.

12        It is important that you attempt to reach a unanimous verdict but, of course, only if each of

13   you can do so after having made your own conscientious decision.  Do not change an honest belief

14   about the weight and effect of the evidence simply to reach a verdict.

15

16   Authority: 9th Cir. Model Criminal Jury Instruction No. 7.1.

17

18   Court Notes:  The above instruction is one identified by the Court in its pretrial order as an

19   instruction that it will give absent an objection.  No objections have been made.

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 7.2**

**CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Authority: 9th Cir. Model Criminal Jury Instruction No. 7.2.

Court Notes:  The above instruction is one identified by the Court in its pretrial order as an instruction that it will give absent an objection.  No objections have been made.

**JURY INSTRUCTION NO. 7.3**

**USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Authority: 9th Cir. Model Criminal Jury Instruction No. 7.3.

Court Notes:  The above instruction is one identified by the Court in its pretrial order as an instruction that it will give absent an objection.  No objections have been made.

**JURY INSTRUCTION NO. 7.4**

**JURY CONSIDERATION OF PUNISHMENT**

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.


Authority: 9th Cir. Model Criminal Jury Instruction No. 7.4.


Court Notes:  The above instruction is one identified by the Court in its pretrial order as an instruction that it will give absent an objection.  No objections have been made.

1

**JURY INSTRUCTION NO. 7.5**

2

**VERDICT FORM**

3       A verdict form has been prepared for you.  After you have reached unanimous agreement on

4   a verdict, your foreperson should complete the verdict form according to your deliberations, sign

5   and date it, and advise the clerk that you are ready to return to the courtroom.

6

7   Authority: 9th Cir. Model Criminal Jury Instruction No. 7.5.

8

9   Court Notes:  The above instruction is one identified by the Court in its pretrial order as an

10  instruction that it will give absent an objection.  No objections have been made.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# JURY INSTRUCTION NO. 7.6

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Authority: 9th Cir. Model Criminal Jury Instruction No. 7.6.

Court Notes:  The above instruction is one identified by the Court in its pretrial order as an instruction that it will give absent an objection.  No objections have been made.