UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>   v.<br><br>ANTHONY McGEE,<br><br>            Defendant.<br>_____/ | Case No. CR-12-0052 EMC<br><br>**ORDER RE OFFICER PERDOMO'S HANDWRITTEN NOTES** |

This order supplements and memorializes the Court's ruling with respect to Officer Perdomo's handwritten notes relating to an interview he conducted with two informants. As reflected in the notes, the informants told Officer Perdomo, *inter alia*, that Mr. McGee had a gun and where he was staying. The informants also described the gun to the officer. The Court ordered the government to turn the notes over to Mr. McGee, but an issue arose as to whether the government would be allowed to redact one line in the notes that would likely reveal the identities of the informants to Mr. McGee.

The parties agree that the governing Supreme Court authority on whether disclosure of the identity of an informant is required is *Roviaro v. United States*, 353 U.S. 53 (1957). In *Roviaro*, the Supreme Court noted that the government has the privilege of

> withhold[ing] from disclosure the identity of persons who funish information of violations of law to officers charged with enforcement of that law. The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials

> and, by preserving their anonymity, encourages them to perform that obligation.

*Id.* at 59. The Court, however, also acknowledged that "the privilege must give way" in certain circumstances – namely, "[w]here the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Id.* at 60-61 (adding that disclosure may not be required where "there was sufficient evidence apart from [the informant's] confidential communication"). Ultimately, the Court instructed that there should be a balancing test,

> balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

*Id.* at 61. Thus, *Roviaro* holds that, where the confidential privilege exists, it gives way only where the disclosure is "relevant and helpful to the defense" or "essential to a fair determination of a cause." *Roviaro* contemplates some threshold showing of need.

In expounding upon *Roviaro*, the Ninth Circuit has held that, "[t]o obtain disclosure, a defendant must show a need for the information, and in doing so, must show more than a 'mere suspicion' that the information has information which will prove 'relevant and helpful' to his defense, or that will be essential to a fair trial." *United States v. Henderson*, 241 F.3d 638, 645 (9th Cir. 2000); *see also United States v. Rowland*, 464 F.3d 899, 909 (9th Cir. 2006) (noting that defendant must articulate specific reason to disbelieve informant's testimony; "fishing expedition" based on "'a mere suspicion'" insufficient); *United States v. Decoud*, 456 F.3d 996, 1009 (9th Cir. 2006) (stating that "[t]he defendant bears the burden of showing a need for disclosure").

Here, Mr. McGee has not met that burden. As a preliminary matter, it is worth noting that Mr. McGee was given substantially all of the contents of the note; only one notation was not disclosed. As to that limited portion, Mr. McGee has offered nothing but mere suspicion that that information would be relevant, helpful, or essential.

For example, to the extent Mr. McGee suggests that the information might be helpful to his defense that the police planted the gun on him, the Court does not agree. Mr. McGee's theory seems to be that the police planted the gun on him and made up the existence of the informants (who claimed that he had a gun) in order to justify the amount of force that the used on him – a plan put in place in *advance* of their contact with Mr. McGee (whom the officers had not known or identified prior to the encounter) and in anticipation that they would use such force upon him so as to require the "cover" of a gun.[1] Not only is this chain of events and inferences long and tenuous, but also there is nothing at all to substantiate Mr. McGee's claim that the police manufactured the existence of the informants. Based on this circumstance alone, disclosure is not warranted.[2] *See, e.g.*, *United States v. Morris*, No. 06 CR 50007, 2006 U.S. Dist. LEXIS 51370, at *7 n.2 (N.D. Ill. July 26, 2006) (noting that "[c]ourts in the Seventh Circuit considering compelling a confidential informant's identity have routinely denied disclosure where the Defendant's request for disclosure is unsubstantiated by evidence other than the Defendant's word"; taking note of a decision where the Seventh Circuit stated that "mere claims by a defendant that the government manufactured the existence of confidential informants, or that the confidential informants were lying, were conclusory statements and insufficient to require the government to reveal the identity of confidential informants"); *United States v. Mertens*, No. 93-581 (JEI), 1994 U.S. Dist. LEXIS 1292, at *9 (D.N.J. Feb. 2, 1994) (stating that "[d]efendant's unsubstantiated intimations that the informant may have been manufactured, or that he may be acting for personal gain, are precisely the kind of 'mere

---

[1] It is notable that the situation here is far divorced from that in *Roviaro* where the informant was the "only witness" to the defendant's possession and transportation of the drugs and thus was "highly relevant." *Roviaro*, 353 U.S. at 63-64. Here, the informants were mere "tipsters," *see, e.g.*, *United States v. Gil*, 58 F.3d 1414, 1421 (9th Cir. 1995) (noting that "[o]ur examination of the sealed record reveals that the informant's role in this case was relatively minor[;] [w]e agree with the district court that the informant was 'a mere tipster,' who 'had no information that could form a basis of either exculpatory or inculpatory information'"), and their relevance is limited to what they told Officer Perdomo as that then informed the officers' state of mind as to how they dealt with Mr. McGee.

[2] Because Mr. McGee has ultimately done nothing but speculate that the information may be helpful to his case, the Court need not evaluate whether the declaration of Officer Ravano provides sufficient support for the government's position that its interests outweigh Mr. McGee's. The Court does note, however, that the declaration does give weight to the policy underlying the government's privilege acknowledged in *Roviaro* and which requires some threshold showing by the defendant to defeat.

3

speculation' prohibited"); *Grandison v. Miller*, 722 F. Supp. 1243, 1245, 1247 (D. Md. 1988) (noting that petitioner offered "no evidence to support his conclusory and incredible allegations," including that "the agents manufactured the informant and the informant's evidence for the sole purpose of obtaining an arrest warrant to harass him").

Moreover, the Court has independently reviewed the information at issue in camera and finds that it is of no assistance to Mr. McGee. Indeed, if anything, the information bolsters the government's case and the officer's assertion that law enforcement had a genuine belief that Mr. McGee was armed.

Accordingly, for the reasons stated on the record and those stated herein, the Court denies Mr. McGee's request for disclosure of the redacted line in the handwritten notes of Officer Perdomo which, if disclosed, would likely reveal the identity of the informants.

IT IS SO ORDERED.

Dated: March 6, 2013

_____
EDWARD M. CHEN
United States District Judge