UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY MCGEE,<br><br>Defendant. | Case No. 12-cr-00052-EMC-1<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE, CORRECT, OR AMEND SENTENCE UNDER 28 U.S.C. § 2255**<br><br>Docket No. 198 |

The defendant in this case, Anthony McGee, was convicted of: (1) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); (2) possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); and (3) possession of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c). On June 26, 2013, this Court entered judgment, imposing a sentence of 180 months, and McGee appealed. On June 9, 2015, the Ninth Circuit upheld the conviction and sentence. Docket No. 179. McGee filed a petition for writ of certiorari, which was denied. Docket No. 184. McGee then filed a habeas petition under 28 U.S.C. § 2255 on February 11, 2016. This Court denied the petition on March 14, 2016. Docket No. 187. On March 24, 2016, the defendant filed a motion to reduce his sentence, which the Court denied on March 30, 2016. Docket No. 190. On October 28, 2016, the Ninth Circuit denied McGee's appeal of the denial of his first habeas petition.

Now pending before the Court is McGee second motion to vacate, correct, or amend his sentence under § 2255. Docket No. 198 ("Motion"). McGee contends that his due process rights were violated when the Court ordered an evidentiary hearing on his motion to suppress. Specifically, McGee argues that the court erred in holding the hearing in part on the basis of police reports that contends were insufficient because they were based only on "information and belief."

The Court previously rejected this argument in denying McGee's first § 2255 motion.

A "second or successive" motion under § 2255 is permissible only where it has been "certified as provided in section 2244 by a panel of the appropriate court of appeals to contain . . . **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). McGee has neither sought nor obtained certification of the instant motion from the Ninth Circuit. Nor does it appear that the motion would be eligible for certification, as McGee points to no newly discovered evidence of his actual innocence or any new rule of constitutional law. Accordingly, this Court may not entertain his motion. *United States v. Buenrostro*, 638 F.3d 720, 723 (9th Cir. 2011).

McGee argues that his motion is not subject to the bar on second or successive petitions under the Ninth Circuit's rule that "[p]risoners may file second-in-time petitions based on events that do not occur until a first petition is concluded." *Id.* at 725. McGee argues that after his first petition was denied, the government, in an unrelated case, took an inconsistent legal position regarding the admissibility of a declaration based on information and belief. Accordingly, McGee argues, under the doctrine of judicial estoppel, the government's position in this case is no longer valid. Because the basis for his judicial estoppel argument did not arise until after the denial of the first § 2255 motion, McGee contends that the Court may consider the merits of his claim. Not so. Even granting that McGee's specific legal argument was not available until after the denial of his first petition, he is still asserting the same basis for habeas relief – namely, that the Court erred in holding an evidentiary hearing on his motion to suppress. The basis for this motion is therefore identical to the basis for the prior motion. Moreover, this is akin to a change in law argument; but a retroactive change of law is cognizable on a successive § 2255 motion only if made by the Supreme Court. The present motion is thus an unauthorized "second or successive" motion within the meaning of §2255(h). *Buenrostro*, 638 F.3d at 723. Because McGee has not secured certification from the Ninth Circuit, this Court cannot grant relief.

Furthermore, even if the Court were to consider his claim, McGee's judicial estoppel argument is meritless. "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then *later* seeking an advantage by taking a clearly inconsistent position." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1044–45 (9th Cir. 2016) (quoting *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001)) (emphasis added). Judicial estoppel, in other words, merely constrains a party's actions *after* it has taken a particular position. McGee cites no authority, and this Court is aware of none, holding that judicial estoppel may retroactively change the position taken by a party in an earlier case.

In sum, McGee's motion is barred as a "second or successive motion" under 28 U.S.C. § 2255(h), and lacks merit in any case. The Court therefore **DENIES** the motion.

This order disposes of Docket No. 198.

**IT IS SO ORDERED**.

Dated: August 2, 2017

_____
EDWARD M. CHEN
United States District Judge