UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 12-cr-00052-EMC-1 |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S REQUEST FOR FURTHER FINDINGS** |
| ANTHONY MCGEE, | Docket No. 211 |
| Defendant. | |

Defendant Anthony McGee was convicted after trial of (1) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); (2) possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); and (3) possession of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c). *See* Docket Nos. 118, 136.

Though Defendant labels the instant motion as one under Fed. R. Civ. P. 60(b), he does not ask the Court to disturb the judgment. Rather, Defendant states that he intends to ask the Court of Appeals for permission to file a second, successive habeas petition based on a change in law. *See* 28 U.S.C. § 2255(h). To do so, he claims to need this Court "to determine what plea [he] entered on the record in relation to count 2 and 3 of the superseding indictment . . . or, in the alternative [whether] the court direct[ed] Mr. McGee to enter a plea to those counts prior to trial." Docket No. 211 at 5. Apparently, Mr. McGee wishes to file a habeas petition arguing that his trial counsel improperly conceded guilt on counts 2 and 3 to the jury,[1] violating his Sixth Amendment rights under the Supreme Court's decision in *McCoy v. Louisiana*, 138 S.Ct. 1500, 1509 (2018) ("When

---

[1] *See* Mot., Ex. 1 (trial transcript of defense counsel stating "What's he holding? Methamphetamine. Fourteen baggies. I'm not denying that. Yeah, he didn't want his hands taken out. He was trying to get rid of the methamphetamine, but there was no gun there. Fourteen baggies of methamphetamine.").

a client expressly asserts that the objective of '*his* defence' [sic] is to maintain innocence of the charged criminal acts, his lawyer must abide by that objective and may not override it by conceding guilt.").

As Defendant is aware based on prior motions, Counts 2 and 3 were asserted in a superseding indictment and no arraignment was held on those charges. *See* Docket No. 45(superseding indictment); Docket No. 131 at 7-8 (holding that failure to conduct second arraignment on counts 2 and 3 did not violate due process because Defendant was aware of charges and was not prejudiced); Docket No. 187 (denying habeas petition based on same argument); *see also U.S. v. McGee*, 606 Fed. Appx. 351, 353 (9th Cir. 2015) (affirming conviction because "[t]he failure to arraign was a technical error, which does not require reversal, since McGee was fully aware of the charges against him, and heard them from his counsel and the district court during trial"). In April 2016, Defendant filed a motion asking the Court to make the same findings he now requests, *see* Docket No. 192. That request was denied as "substantively without merit" because "[t]he Court does not agree that anything more is necessary in order for the Ninth Circuit to consider an appeal" regarding his habeas petition. Docket No. 193 at 1. Similarly, here, the Court does not agree that anything more is necessary in order for Defendant to request permission from the Ninth Circuit to file a second, successive habeas petition advancing an argument that his Sixth Amendment rights were violated under *McCoy*. Accordingly, his request for a further finding regarding what plea he entered prior to trial so as to permit the filing of a second, successive petition without the Ninth Circuit's approval is **DENIED**.

Finally, Defendant requests the appointment of counsel to assist with his prospective habeas petition "[d]ue to the complexity of this issue." Docket No. 211 at 5. The court may appoint counsel "if the interests of justice so require." 18 U.S.C. § 3006A. *See also Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (district court's decision to appoint counsel is reviewed for an abuse of discretion depending on the complexity of the issues presented); *Sanchez v. U.S.*, 50 F.3d 1448, 1456 (9th Cir. 1995) ("[T]here is no right to counsel at a collateral, post-conviction section 2255 proceeding."). To present a colorable claim under *McCoy*, a prisoner may need to rely on both record and extra-record evidence to demonstrate that trial counsel overrode

his or her objective to maintain innocence. *Cf. McCoy*, 138 S.Ct. at 1509 ("Presented with express statements of the client's will to maintain innocence . . ., counsel may not steer the ship the other way."). In light of the possible need to expand the record to research and pursue Defendant's claim, the issue may well be complex enough to merit the appointment of counsel. *Cf. Stokes v. Roe*, 18 Fed.Appx. 478 (9th Cir. 2001) (reversing denial of habeas petition and remanding for appointment of counsel where the claim was "nonfrivolous" and "without further evidentiary support, it [would] be impossible for [the petitioner] to prevail"). However, appointment of counsel is premature before the Ninth Circuit has granted permission to pursue a second, successive habeas petition. Defendant may renew his request if the Ninth Circuit permits him to proceed.

This order disposes of Docket No. 211.

**IT IS SO ORDERED**.

Dated: July 31, 2018

_____
EDWARD M. CHEN
United States District Judge