UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>ANTHONY MCGEE,<br>　　　　Defendant. | Case No. 12-cr-00052-EMC-1<br><br>**ORDER DENYING UNITED STATES' MOTION TO REVOKE DEFENDANT'S SUPERVISED RELEASE**<br><br>Docket No. 254 |

## I.   INTRODUCTION

This case arises from allegations that Defendant Anthony McGee violated the terms of his supervised release by violating California Penal Code § 290.018, which criminalizes the willful failure to register as a sex offender. In April 2023, the Government filed a Form 12 Petition relating to his alleged failure to register. *See* April 2023 Form 12, Docket No. 245. The Court held a hearing on July 20, 2023, at which counsel for both parties and Mr. McGee himself were heard. Having carefully considered the papers submitted and the argument of counsel, for the reasons set forth below, the Court **DENIES** the Petition.

## II.   BACKGROUND

Mr. McGee was convicted in 1994 of committing lewd and lascivious acts upon a child under 14 years of age, in violation of Cal. Penal Code § 288(b). At that time, Mr. McGee was 17 years old and was adjudicated as a juvenile. He was sent to the California Youth Authority ("CYA") in 1994 and was paroled on November 20, 2000. *See* PSR ¶ 42. The Court ordered Mr. McGee to register as a sex offender upon release from custody under California Penal Code § 290, which at the time provided that a juvenile offender's duty to register terminated at age 25. *See*

Cal. Penal Code § 290; Stats. 1993, c. 555 (A.B. 191), § 1, eff. Sept. 28, 1993; Stats. 1993, c. 589 (A.B. 2211), § 109; Stats. 1993, c. 595 (A.B. 595), §8.  There have been several changes to the California statute governing sex offender registration in the intervening time,[1] and the version of § 290 in effect today requires Mr. McGee to register for a minimum period of 10 years, not including any time spent in custody, with no automatic termination at age 25.  Cal. Penal Code § 290.008(d)(2); § 290(e).

Mr. McGee claims that he "dutifully register[ed] until April 1, 2002, shortly before he turned 25."  Opposition Brief ("Opp."), Docket No. 255, at 9.  The government claims that Mr. McGee "was over the age of 25 by [April 1, 2002]," and thus the claim that he registered on that date is suspect.  Reply Brief, Docket No. 256, at 2.  Mr. McGee's date of birth is March 30, 1977, so this registration would have occurred two days after he turned 25.  *See* PSR ID Data.  McGee contends that the registration form, CJIS 8102S, requires that the registration be updated "within five working days before or after his birthday."  Opp. at 15.

The government also claims that Mr. McGee "may have been in custody at that time" because he received a "sentence of one year in the county jail on January 17, 2002."  *See* PSR ¶ 44.  Therefore, the government argues, Mr. McGee's claim that he dutifully registered until that date is suspect, and the Court should not accept it without further evidence.  Neither party submits evidence of when Mr. McGee last registered.  It is also not clear whether the claim that Mr. McGee complied with the registration requirement until April 1, 2002, meant that he registered on that day, or that he was in compliance on that date due to registering the previous year.

On December 3, 2021, an Emeryville Police patrol officer ran a record check on Mr. McGee during a traffic stop.  He found an outstanding warrant against Mr. McGee for failing to register and detained him.  When Mr. McGee's federal probation officer learned of this, he filed a Form 12 petition on December 10, 2021.  December 2021 Form 12, Docket No. 237.  In that petition, Probation acknowledged that it was "not able to determine Mr. McGee's registration requirements given the change in California law and [Mr. McGee's] various terms of incarceration

---

[1] Mr. McGee cites 51 revisions to the law since 1994.

from 2002 through 2011." *Id*. This is repeated in the Form 12 petitions filed on May 25, 2022, and on January 6, 2023. *See* Docket Nos. 239 and 242. Mr. McGee declined to register until May 11, 2023, when he claims to have registered under protest while awaiting the Court's determination.

### III. LEGAL STANDARD

A. Motion to Revoke Probation

"The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(a). "The court shall order, as an explicit condition of supervised release, that the defendant not commit another Federal, State, or local crime during the term of supervision." 18 U.S.C. § 3583(d). Title 18 U.S.C. § 3583(e)(3) provides that a district court may revoke a defendant's supervised release if it finds by a preponderance of the evidence that a defendant violated a condition of supervised release.[2] *See e.g., United States v. Verduzco,* 330 F.3d 1182, 1184 (9th Cir. 2003); *Johnson v. United States,* 529 U.S. 694, 700 (2000) ("Although such violations often lead to reimprisonment, the violative conduct need not be criminal and need only be found by a judge under a preponderance of the evidence standard, not by a jury beyond a reasonable doubt.").

Federal Rule of Evidence 1101(d)(3) specifies that the Federal Rules of Evidence do not apply in proceedings related to the revoking of probation. Further, hearsay evidence is admissible. As parole, probation, and supervised release revocation hearings are "constitutionally indistinguishable and are analyzed in the same manner," the Federal Rules of Evidence do not apply in proceedings related to the revoking of supervised release. *United States v. Hall,* 419 F.3d 980, 985 (9th Cir. 2005); *see also United States v. Walker,* 117 F.3d 417, 421 (9th Cir. 1997) (holding "that the Federal Rules of Evidence do not apply to proceedings to revoke supervised release."). At any revocation hearing the probationer must also have "an opportunity to be heard and to show, if he can, that he did not violate the conditions." *Morrissey v. Brewer*, 408 U.S. 471,

---

[2] Revocation of a term of supervised release is mandatory under certain circumstances that are not present here. *See* 18 U.S.C. § 3583(g).

3

1    488 (1982).

2    B.     *Ex Post Facto* Law

3        The U.S. Constitution prohibits the passing of *ex post facto* laws—those that impose criminal liability or increase criminal punishment retroactively. Art. 1, § 9, cl. 3. The Supreme Court has held that, as to adults, sex offender registration laws are not prohibited by the *Ex Post Facto* Clause because they are nonpunitive, civil requirements—not criminal punishments. *Smith v. Doe*, 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003). In *Smith v Doe*, the Supreme Court set forth the standard for evaluating whether a sex offender registration program violates the *Ex Post Facto* Clause.

    The first inquiry is whether the legislature meant to impose punishment or enact a regulatory scheme. *Id.* at 92. "Because we ordinarily defer to the legislature's stated intent, only the clearest proof will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty." *Id.* (internal citation and quotation marks omitted). Accordingly, if the legislative intent in establishing a sex offender registration program "was to enact a regulatory scheme that is civil and nonpunitive," a court must then "examine whether the statutory scheme is so punitive either in purpose or effect as to negate [the legislature's] intention to deem it civil." *Id.* (internal quotation marks and citation omitted).

## IV.     DISCUSSION

A.     Obligation to Register

    Under the law in effect at the time of Mr. McGee's juvenile adjudication, which gave rise to his duty to register, his obligation to register would have terminated when he turned 25 years old on March 30, 2002.

    1.     Law Changes

    On January 1, 1995, an amendment went into effect that removed the provision ending a juvenile offender's duty to register at age 25. *See* Stats. 1994, c. 863 (A.B. 3456), § 1; Stats. 1994, c. 864 (A.B. 1211), § 1; Stats. 1994, c. 865 (A.B. 3513), § 1; Stats. 1994, c. 867 (A.B. 2500), § 2.7. This occurred less than four months after Mr. McGee's juvenile adjudication and more than five years before his parole from CYA custody. After this amendment, the text of § 290

controlled the registration of juvenile offenders until Cal. Penal Code § 290.008 went into effect in 2007. *See* Stats. 2007, c. 579 (S.B. 172), § 8, eff. Oct. 13, 2007.[3] This section was further amended in 2017 through the Sex Offender Registration Act. Stats. 2017, c. 541 (S.B. 384), § 1.5, eff. Jan. 1, 2018. This act went into full effect on January 1, 2021.

Under the current version of § 290.008, there are two tiers of mandatory registration for juveniles. Mr. McGee's conviction under Cal. Penal Code § 288(b) and his placement in CYA custody puts him in the more serious tier, with a minimum registration period of ten years. *See In re Alex N.*, 132 Cal. App. 4th 18, 24 (2005) ("[A] person is required to register as a sex offender only if the person has been 'discharged or paroled' from the CYA and the CYA commitment was both *after **and** because* of a sex offense adjudication." (emphasis in original)); *see also Ruelas v. Superior Ct.*, 235 Cal. App. 4th 374, 380 (2015) (citing *In re Alex N.* as "construing language . . . identical to that in current § 290.008"); PSR ¶ 42.

The ten-year minimum registration requirement would have resulted in a termination date of November 20, 2010, or ten years after Mr. McGee's parole from CYA custody on November 20, 2000, before Mr. McGee's arrest in 2021. Therefore, it is the tolling of the 10-year registration requirement during periods of incarceration that extends Mr. McGee's requirement to today. Mr. McGee has spent more than 16 years in custody since 2004, including approximately six and a half years from May 20, 2004 to December 9, 2010 and approximately nine and a half years from November 18, 2011 to April 26, 2021. PSR ¶ 45.[4] The additional 16 years extends Mr. McGee's registration requirement to at least November 20, 2026.

2.  Applicability of *Ex Post Facto* Jurisprudence

Mr. McGee's only evidence that the legislature intended the California Sex Offender Act to be punitive is its structure and location within the Penal Code. Opp. at 13. However, the Supreme Court has held that sex offender registration laws are not prohibited by the *ex post facto*

---

[3] The text of § 290 at the time required indefinite sex offender registration. The Court does not rule on the applicability of the *ex post facto* jurisprudence to that requirement as it is now moot.

[4] At the hearing, Probation expressed a belief that tolling occurred during periods of supervised release. The government concedes this is not its interpretation of the amended statute. The Court agrees with the government: periods of supervised release do not toll the registration requirement.

clause because they are nonpunitive, civil requirements—not criminal punishments. *Smith*, 538 U.S. at 105-106. Mr. McGee argues that *Smith* involved adults, and because he was adjudicated as a juvenile, the Court should reach a different conclusion here.

Given the uniform precedent holding sex offender registration to be a nonpunitive, civil requirement, the Court cannot glean a contrary intent of the California legislature. Accordingly, the statute would only violate the *Ex Post Facto* Clause if it is "so punitive either in purpose or effect as to negate" the legislature's intent. *See Smith,* 538 U.S. at 92, 123 S.Ct. 1140.

In *United States v. Elkins*, the Ninth Circuit discussed the distinction between the *ex post facto* analysis when applied to juveniles and adults. 683 F.3d 1039, 1046 (9th Cir. 2012). The *Elkins* Court acknowledged its prior holding that SORNA's creation of a registration requirement for juvenile offenders "does not merely provide for further public access to information already available; it makes public information about sex offenders that would otherwise permanently remain confidential and exposes persons who were adjudicated delinquent years before to public humiliation and ignominy for the first time." *Elkins*, 683 F.3d at 1047 (quoting *United States v. Juvenile Male*, 590 F.3d 924, 935 (9th Cir.2010). However, in *Elkins*, "Washington law, not SORNA, first mandated the dissemination of information about Elkins's juvenile sex offender determination and imposed on Elkins the burden of registration." *Id.* Therefore, SORNA did not have the effect of imposing additional burdens on the plaintiff and did not violate the *Ex Post Facto* Clause.

Mr. McGee, by contrast, argues that the law change does impose additional burdens because it extends the period during which he is required to register. There may be circumstances where the extension of a registration obligation may become punitive in nature as applied to a juvenile, particularly where a new burdensome obligation is imposed retrospectively where the extension is not occasioned by new conduct. However, the relevant extension in this case occurred as a result of Mr. McGee's behavior as an adult after his juvenile conviction; he was subjected to two lengthy periods of incarceration due to felonies he committed as an adult. Moreover, Mr. McGee's registration would have been public until age 25 prior to any law changes, so the amendments did not make public information that "would otherwise permanently

6

remain confidential." *Elkins*, 683 F.3d at 1047.

Aside from extending the registration period, which resulted from his behavior as an adult, the law change did not place additional substantial burdens on Mr. McGee. The frequency of his registration remains annual or upon change of residence. These circumstances are not sufficient to establish that the law change was "so punitive in either purpose or effect" so as to override the legislature's intent to create a nonpunitive civil requirement. Accordingly, the Court finds that the extension of Mr. McGee's registration requirement does not violate the *Ex Post Facto* Clause.

B.     Notice of Registration Requirement

Mr. McGee objects to the registration requirement on the separate ground that he did not receive proper notice. The parties agree that state law requires notification of the registration requirement only "[p]rior to discharge or parole." Cal. Penal Code § 290.008(e). The statute does not require post-release notifications of law change. Mr. McGee contends that the retroactive effect of this statute, together with the lack of post-release notice, "created a class of registrants [who were discharged or paroled prior to the law change] that are out of compliance with current registration requirements merely because they were never informed that the duty to register had been extended or re-applied." Opp. at 11.

Mr. McGee claims that the first notice of his continuing obligation to register came when he was arrested following a routine traffic stop on December 3, 2021.[5] At that time, Mr. McGee was not informed of the law change. Instead, he was told that there was an outstanding warrant due to his failure to keep his sex offender registration current. Due to his belief that his registration requirement had terminated, he thought this warrant was issued in error. Similarly, when Mr. McGee's probation officer informed him of the duty to register, he could only report what the arresting officer had written.

"[T]hat ignorance of the law or a mistake of law is no defense to criminal prosecution is deeply rooted in the American legal system." *Cheek v. United States*, 498 U.S. 192, 199 (1991).

---

[5] The government contends that Mr. McGee was informed of his obligation to register upon his parole from CYA custody, though it does not submit evidence supporting this assertion. There is no dispute, however, that Mr. McGee was aware that he was required to register at least until he turned 25.

7

"Generally, a mistake of law is not a defense to a general intent crime, but in some circumstances it may be a defense to a specific intent crime." *People v. Ramsey*, 79 Cal.App.4th 621, 632 (2000). However, failure to register as a sex offender is a general intent crime under established California law. *See, e.g., People v. Bejarano*, 180 Cal. App. 4th 583, 589 (2009) ("The failure to register is, as the trial court observed, a general intent crime.").

Accordingly, Mr. McGee's argument that the California legislature made a mistake by failing to include a post-release notice requirement is inapposite.

## V.     CONCLUSION

The government bears the burden to show, by a preponderance of the evidence, that Mr. McGee violated the terms of his release by willfully failing to register. *See United States v. Verduzco* at 1184. Mr. McGee represents that he has now registered under protest and is in compliance with the terms of his release. Because Mr. McGee had a sincere and nonfrivolous basis to believe that the registration requirement no longer applied to him, the Court does not find that his failure to register before May 11 was willful.

Even if the Court found that Mr. McGee violated the terms of his release, a revocation of supervised release is discretionary in this instance. *See* 18 U.S.C. § 3583(g). Accordingly, the Court will not revoke Mr. McGee's supervised release at this time, and the government's petition is **DENIED**.

Mr. McGee is now on notice of his obligation to register until at least November 2026. He is **ORDERED** file an affidavit attesting to his compliance with the registration requirement no later than 14 days after this order issues. Probation is **ORDERED** to calculate the exact date when Mr. McGee's obligation to register is set to terminate and provide notice to Mr. McGee of that date.

This order disposes of Docket No. 254.

**IT IS SO ORDERED**.

Dated: August 15, 2023

_____
EDWARD M. CHEN
United States District Judge