UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY MCGEE,<br><br>Defendant. | Case No.  12-cr-00052-EMC-1<br><br>**ORDER DENYING DEFENDANT'S "RULE 60(B)(6)" MOTION**<br><br>Docket No. 325 |

Currently pending before the Court are two motions for relief filed by Mr. McGee: (1) a motion pursuant to Federal Rule of Civil Procedure 60(b)(6) and (2) a motion for relief pursuant to Federal Rule of Civil Procedure 59(e).  Mr. McGee filed both motions as a pro se litigant.  The Court, therefore, does not outright reject his motions even though the instant case is a criminal case and the two motions are based on the Federal Rules of Civil Procedure.  In fact, after Mr. McGee filed the Rule 59(e) motion, the Court appointed him counsel.  *See* Docket No. 312 (order).

Because the Court has appointed counsel to assist Mr. McGee with the Rule 59(e) motion, the Court does not rule on that motion but does order defense counsel to file a status report within two weeks from the date of this order.

As for the Rule 60(b)(6) motion, Mr. McGee largely challenges the Court's denial of his motion to suppress.[1]  *See* Docket No. 67 (amended minutes, filed on 10/3/2012).  He makes two

---

[1] To the extent the Rule 60(b)(6) motion also refers to ongoing hearings on the revocation of supervised release, the motion is moot as those hearings have now concluded.  Mr. McGee, however, is free to consult with his counsel now that supervised release has been revoked.  See Docket No. 303 (judgment for revocation of supervised release.)  The Court acknowledges that the

arguments:

(1) the Court should not have ordered an evidentiary hearing on his motion to suppress because the government failed to file a declaration to support its opposition; and

(2) the government should not have been able to claim that the officers conducted a search pursuant to the parole exception because Mr. McGee was on parole for an offense committed while he was a juvenile and California law limits the dissemination of juvenile case files. *See, e.g.*, Cal. Wel. & Inst. Code § 827(a)(3)(A) ("Unless a person is listed in subparagraphs (A) to (P), inclusive, of paragraph (1) and is entitled to access under the other state law or federal law or regulation without a court order, all those seeking access, pursuant to other authorization, to portions of, or information relating to the contents of, juvenile case files protected under another state law or federal law or regulation, shall petition the juvenile court."); *id.* § 827(e) ("For purposes of this section, a 'juvenile case file' means a petition filed in a juvenile court proceeding, reports of the probation officer, and all other documents filed in that case or made available to the probation officer in making the probation officer's report, or to the judge, referee, or other hearing officer, and thereafter retained by the probation officer, judge, referee, or other hearing officer.").

As to the first argument, the Court denies relief on procedural grounds. Mr. McGee raised the first argument on appeal to the Ninth Circuit but did not prevail. *See* Docket No. 179 (Ninth Circuit memorandum disposition) ("The district court did not abuse its discretion in finding that the police reports attached to McGee's motion to suppress, which were signed under penalty of perjury, created disputes of fact requiring an evidentiary hearing."). This Court subsequently rejected the same basic argument after Mr. McGee raised it in a § 2255 motion. *See* Docket No. 187 (Order at 1-2). Mr. McGee asserted a similar argument in a second § 2255 motion; the Court denied relief based on the bar for second or successive § 2255 motions. *See* Docket No. 203

---

Rule 59(e) motion asks the Court to reconsider the revocation of supervised release.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    (Order at 1-2).  Mr. McGee cannot continue to make an argument that has been repeatedly rejected

2    (for both substantive and procedural reasons).

3           As for the second argument, it does not appear to have been raised previously.  However,

4    because the argument could have been raised before this Court (in at least the first § 2255 motion),

5    it has essentially been waived.  Mr. McGee cannot make a new § 2255 motion based on the

6    second argument because of the bar on second or successive motions.  *See* 28 U.S.C. § 2255(h)

7    (providing that "[a] second or successive motion must be certified . . . by a panel of the

8    appropriate court of appeals to contain . . . (1) newly discovered evidence that, if proven and

9    viewed in light of the evidence as a whole, would be sufficient to establish by clear and

10   convincing evidence that no reasonable factfinder would have found the movant guilty of the

11   offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by

12   the Supreme Court, that was previously unavailable").

13          Furthermore, the merits of Mr. McGee's second argument are highly questionable.  The

14   police report explains that the officers learned about Mr. McGee's juvenile offense based on a

15   computer check of his criminal history, which revealed he was "a sex registrant under 290 [Penal

16   Code] for a violation of 288(B) lewd and lascivious acts with a child under 14 with force."

17   Docket No. 25-5, at 10 (police report).  Such information contained in his adult criminal history

18   report does not appear to fall within the ambit of protection for juvenile case files provided for by

19   California Welfare & Institutions Code § 827.  *See* Cal. Wel. & Inst. Code § 827(e) ("For purposes

20   of this section, a 'juvenile case file' means a petition filed in a juvenile court proceeding, reports

21   of the probation officer, and all other documents filed in that case or made available to the

22   probation officer in making the probation officer's report, or to the judge, referee, or other hearing

23   officer, and thereafter retained by the probation officer, judge, referee, or other hearing officer.");

24   Cal. Pen. Code § 290.008(a) ("Any person who, on or after January 1, 1986, is discharged or

25   paroled from the Department of Corrections and Rehabilitation to the custody of which they were

26   committed after having been adjudicated a ward of the juvenile court pursuant to Section 602 of

27   the Welfare and Institutions Code because of the commission or attempted commission of any

28   offense described in subdivision (c) shall register in accordance with the Act unless the duty to

register is terminated pursuant to Section 290.5 or as otherwise provided by law.").

Accordingly, the Court hereby **DENIES** Mr. McGee's Rule 60(b)(6) motion.  As stated above, the Court also orders defense counsel to file a status report on the Rule 59(e) motion within two weeks of the date of this order.

This order disposes of Docket No. 325.

**IT IS SO ORDERED**.

Dated: December 18, 2024

_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California

4